Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br><br>V.<br><br><br>GREIZA MADELINE ROSADO BÁEZ<br><br>Peticionaria | TA2026CE00611 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: D LE2023G0191<br><br>Sobre: L54 Violencia Doméstica Art. 2.8 Violación Orden Protectora |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de junio de 2026.

El 14 de mayo de 2026, compareció ante este Tribunal de Apelaciones, la señora Greiza Madeline Rosado Báez (en adelante, señora Rosado Báez o parte peticionaria) por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Orden* emitida y notificada el 12 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción Suplementaria con Evidencia Documental y Alegaciones Adicionales Relevantes en Apoyo a la Moción de Remedio Posterior a Sentencia* instada por la parte peticionaria el 19 de febrero de 2026.

Por los fundamentos que anteceden, se *deniega* el recurso de *certiorari*.

**I**

Por hechos ocurridos el 13 de julio de 2023, la parte peticionaria fue detenida por violentar una orden de protección

emitida a favor del señor Dimitri José Cordero Mojica (en adelante, señor Cordero Mojica). En específico, se le imputó a la parte peticionaria haber enviado mensajes por conducto de la aplicación de *ATH Móvil* al señor Cordero Mojica, a sabiendas de la existencia de una orden de protección. Celebrado el juicio en su fondo, el 18 de enero de 2024, el Tribunal de Primera Instancia declaró culpable a la parte peticionaria por violentar el Artículo 2.8 de la Ley Núm. 54 de 15 de agosto de 1989, 8 LPRA sec. 601 *et seq.* Por consiguiente, el 26 de abril de 2024, el foro primario condenó a la señora Rosado Báez a ocho (8) años de reclusión, y ordenó la imposición de supervisión electrónica. En desacuerdo, la parte peticionaria apeló el referido dictamen, el cual un Panel Hermano de esta Curia confirmó, en el caso de nomenclatura KLAN202400460.

Posteriormente, el 18 de septiembre de 2025, el Foro de Instancia enmendó la aludida *Sentencia* a los fines de concederle a la señora Rosado Báez un horario abierto en la supervisión electrónica impuesta de 9:00am hasta las 6:00pm. Tras recurrir de dicha determinación mediante un recurso de *Certiorari*, otro panel de este Tribunal de Apelaciones denegó la expedición del mismo, en el caso núm. TA2025AP00463.

Así las cosas, el 19 de diciembre de 2025, la parte peticionaria presentó, por derecho propio, una *Moción de Remedio Posterior a Sentencia.*[1] En su escrito, la señora Rosado Báez señaló múltiples defectos que, a su juicio, incidieron sobre el dictamen en su contra. Entre estos, alegó que, al no presentar prueba documental que corroborara las diligencias que el agente investigador indicó haber realizado ante la compañía de EVERTEC, el referido testigo incurrió en perjurio. Además, adujo que careció de una representación legal adecuada durante el procedimiento en su contra, puesto que

---

[1] Apéndice del recurso, págs. 7-15.

aseveró que su abogada de defensa fue objeto de presiones indebidas y circunstancias coercitivas que comprometieron su criterio profesional. A su vez, la parte peticionaria planteó que no existía vínculo alguno entre ella y el señor Cordero Mojica al momento de los hechos. Igualmente, cuestionó la pertinencia de las insinuaciones sobre su salud mental introducidas durante el juicio. Por todo lo cual, y al amparo de la Regla 192.1 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, la parte peticionaria solicitó la reapertura del caso, al igual que la celebración de una vista evidenciaria para evaluar sus reclamos.

En adición, el 19 de febrero de 2026 la parte peticionaria presentó una *Moción Suplementaria con Evidencia Documental y Alegaciones Adicionarles Relevantes en Apoyo a la Moción de Remedio Posterior a Sentencia.*[2] En la misma, alegó que tenía fotografías que, a su juicio, apoyaban sus señalamientos respecto a la ausencia de vínculo con el señor Cordero Mojica al momento de los hechos imputados.

Así las cosas, el 12 de mayo de 2026, el foro *a quo* emitió las resoluciones recurridas, y denegó ambos petitorios presentados por la parte peticionaria.

Inconforme, el 14 de mayo de 2026, la parte peticionaria presentó ante esta Curia el recurso de *Certiorari* que nos ocupa. En el mismo, esgrimió los siguientes señalamientos de error:

**ERROR PRIMERO:**
EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DENEGAR SUMARIAMENTE LA MOCIÓN DE REMEDIO POSTERIOR A SENTENCIA SIN CELEBRAR VISTA EVIDENCIARIA, EN VIOLACIÓN DIRECTA AL MANDATO DE LA REGLA 192.1 DE PROCEDIMIENTO CRIMINAL Y AL DERECHO CONSTITUCIONAL AL DEBIDO PROCESO DE LEY.

**ERROR SEGUNDO:**
EL TRIBUNAL ERRÓ AL IGNORAR LAS ALEGACIONES PRIMA FACIE DE PERJURIO MATERIAL DE UN AGENTE DEL ESTADO, CUYA DECLARACIÓN FALSA

---

[2] *Íd.*, págs. 1-6.

FUE DETERMINANTE PARA SOSTENER LA CONVICCIÓN, EN VIOLACIÓN DE LOS ARTÍCULOS II, SECCIONES 7 Y 11 DE LA CONSTITUCIÓN DE PUERTO RICO Y LA DECIMOCUARTA ENMIENDA DE LA CONSTITUCIÓN FEDERAL.

**ERROR TERCERO:**
EL TRIBUNAL ERRÓ AL NO CONSIDERAR LA EVIDENCIA DOCUMENTAL NUEVA SOMETIDA EN LA MOCIÓN SUPLEMENTARIA, INCLUYENDO EVIDENCIA FOTOGRÁFICA QUE CONTRADICE DIRECTAMENTE LA NARRATIVA DEL ESTADO Y GRABACIONES OBRANTES EN EL PROPIO EXPEDIENTE JUDICIAL, LO QUE CONSTITUYE ERROR MANIFIESTO DE HECHO Y DE DERECHO BAJO LA REGLA 192.5.

El 26 de mayo de 2026, la parte recurrida por conducto de la Oficina del Procurador General, presentó ante este foro revisor, *Escrito en Cumplimiento de Resolución.*

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

*A. El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[3]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[4], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera*

---

[3] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

*Montalvo,* supra*, pág. 372; *Torres González v. Zaragoza Meléndez,* supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[5]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró,* 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v.*

---

[5] *Íd.*

*Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. La Regla 192.1 de Procedimiento Criminal

Por su parte, la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, dispone lo relacionado al procedimiento posterior a la sentencia. Dicha regla dispone, en lo aquí pertinente, lo siguiente:

> (a) *Quienes pueden pedirlo.* Cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad porque: (a) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (b) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (c) la sentencia impuesta excede de la pena prescrita por la ley, o (d) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia.

> La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.

> (b) *Notificación y vista.* A menos que la moción y los autos del caso concluyentemente demuestren que la persona no tiene derecho a remedio alguno, el tribunal

dispondrá que se notifique con copia de la moción, si se trata de una sentencia dictada por el Tribunal de Distrito, al fiscal de la sala del Tribunal de Primera Instancia a la cual puedan apelarse las sentencias de dicho Tribunal de Distrito. El tribunal proveerá asistencia de abogado al peticionario si no la tuviere, señalará prontamente la vista de dicha moción, se asegurará de que el peticionario ha incluido todos los fundamentos que tenga para solicitar el remedio, fijará y admitirá fianza en los casos apropiados, establecerá las cuestiones en controversia y formulará determinaciones de hecho y conclusiones de derecho con respecto a la mismas.

Si el Tribunal determina que la sentencia fue dictada sin jurisdicción, o que la sentencia impuesta excede la pena prescrita por ley, o que por cualquier motivo está sujeta a ataque colateral, o que ha habido tal violación de los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal la anulará y dejará sin efecto y ordenará que el peticionario sea puesto en libertad, o dictará una nueva sentencia, o concederá un nuevo juicio, según proceda.

El tribunal podrá considerar y resolver dicha moción sin la presencia del solicitante en la vista, a menos que se plantee alguna cuestión de hecho que requiera su presencia.

El Tribunal sentenciador no vendrá obligado a considerar otra moción presentada por el mismo confinado para solicitar el mismo remedio.

[…].

La moción al amparo de esta Regla 192.1, *supra,* puede presentarse ante el tribunal sentenciador en cualquier momento, después de dictada sentencia, incluso, cuando ésta haya advenido final y firme. La regla requiere que se incluyan en la moción todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en ella, por lo que se considerarán renunciados los fundamentos no incluidos en la moción, a menos que el tribunal, con base en un escrito subsiguiente, determine razonable que tales fundamentos no pudieron presentarse en la moción original. Según este mecanismo, la cuestión que ha de plantearse es si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Hernández Doble,* 210 DPR

850, 863 (2022); *Pueblo v. Pérez Adorno*, 178 DPR 946, 965-966 (2010).

Este recurso bajo la Regla 192.1, *supra,* sólo está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente una violación al debido proceso de ley. Por ello, salvo circunstancias excepcionales, no se concederá en sustitución del recurso ordinario de apelación. *Pueblo v. Pérez Adorno,* supra, pág. 966.

Como ha enfatizado el Tribunal Supremo de Puerto Rico en ocasiones anteriores, a pesar de la amplitud del lenguaje empleado por la Regla 192.1, *supra,* los fundamentos para revisar una sentencia mediante este mecanismo se limita a cuestiones de derecho, por lo que el precepto no puede ser empleado para argumentar cuestiones de hechos que hubieren sido adjudicadas por el tribunal. (*Cita omitida*). Se trata de un mecanismo para cuestionar la legalidad de la sentencia, no su corrección, a la luz de los hechos. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 386 (2020); *Pueblo v. Marcano Parrilla,* 152 DPR 557, 566 (2000). *Pueblo v. Pérez Adorno,* supra, págs. 966-967.

Si el tribunal determina que la sentencia se dictó sin jurisdicción, que excede la pena prescrita por la ley, que por cualquier motivo, está sujeta a un ataque colateral o que ha habido tal violación a los derechos constitucionales del solicitante que la hace susceptible de ser atacada colateralmente, el tribunal anulará y dejará sin efecto la sentencia y ordenará que el peticionario sea puesto en libertad o dictará una nueva sentencia u ordenará un nuevo juicio, según proceda.[6] *Pueblo v. Contreras Severino,* 185 DPR 646, 659-660 (2012).

---

[6] Regla 192.1 (b) de Procedimiento Criminal, 34 LPRA Ap. II, Regla 192.1.

Esbozada la normativa jurídica, procedemos a disponer del recurso ante nuestra consideración.

### III

En esencia, la parte peticionaria alega que el Tribunal de Primera Instancia erró al denegar su petición al amparo de la Regla 192.1 de las de Procedimiento Criminal, *supra,* sin celebrar una vista evidenciaria. A su vez, plantea que el foro primario no tomó en consideración sus señalamientos, así como la prueba que sostiene que demuestran las fallas en el procedimiento que se llevó en su contra.

Evaluado el recurso presentado por la parte peticionaria, es nuestra apreciación que no procede la expedición del auto solicitado. Justipreciamos que, conforme al derecho aplicable, los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición que nos ocupa, no activan nuestra jurisdicción discrecional en el caso de epígrafe. Colegimos que el dictamen recurrido no es manifiestamente erróneo y encuentra cómodo asilo en la sana discreción que ostenta el Tribunal de Primera Instancia.

Por otra parte, la señora Rosado Báez tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* En consecuencia, denegamos la expedición del recurso de *Certiorari* presentado ante nuestra consideración.

### IV

Por los fundamentos que anteceden, se *deniega* el recurso de *certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones